UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-10442-AH-AGRx | Date | January 29, 2026 |
| Title | *Nancy Louise Horne v. State Farm Mutual Automobile Insurance Company* | | |

Present: The Honorable    Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER DENYING MOTION TO REMAND, GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT, AND DENYING MOTION TO DISMISS AS MOOT (DKT. NOS. 8, 9, 30)

Before the Court are three motions. First, is a Motion to Remand filed by Plaintiff Nancy Louise Horne ("Plaintiff"). Mot. to Remand, Dkt. No. 9; Mem. of P. & A. in Supp. of Mot. to Remand, Dkt. No. 11; Decl. in Supp. of Mot. to Remand, Dkt. No. 12. Defendant State Farm Mutual Automobile Insurance Company ("Defendant") opposes. Opp'n to Mot. to Remand, Dkt. No. 25. Plaintiff did not file a reply.

Second, is Defendant's Motion to Dismiss the First Amended Complaint. Mot. to Dismiss, Dkt. No. 8. Plaintiff filed an opposition and Defendant filed a reply. *See* Dkt. Nos. 16, 18, 19, 21, 27.

Third, is Plaintiff's Motion for Leave to File Second Amended Complaint. Mot. for Leave, Dkt. Nos. 30, 33, 49.[1]  Defendant filed an opposition.  Opp'n to Mot. for Leave, Dkt. No. 45.  Plaintiff did not file a reply.

The Court heard oral argument on January 28, 2026.  For the following reasons, the Court **DENIES** Plaintiff's Motion to Remand, **DENIES** as moot Defendant's Motion to Dismiss, and **GRANTS** Plaintiff's Motion for Leave to File Second Amended Complaint.

## I.    BACKGROUND

According to Plaintiff's September 18, 2025, First Amended Complaint ("FAC") and proposed Second Amended Complaint ("SAC"), on July 27, 2019, Plaintiff was involved in an automobile accident in Los Angeles that resulted in a traumatic brain injury and other spinal injuries.  FAC, Dkt. No. 1, ¶ 2; SAC, Dkt. No. 33, ¶ 2.  Plaintiff was insured by Defendant.  SAC ¶ 1.  This case arises from disputes regarding Defendant's handling of Plaintiff's insurance claim resulting from the accident and the parties' subsequent release agreement.  The FAC alleges fraud, breach of the covenant of good faith and fair dealing, breach of contract, negligence, intentional infliction of emotional distress, declaratory relief, and unfair competition.

On August 11, 2025, Plaintiff filed suit against Defendant in the Los Angeles Superior Court.  On September 18, 2025, Plaintiff filed the amended complaint. On October 1, 2025, Defendant was served with the summons and First Amended Complaint.  Notice of Removal, Dkt. No. 1, at ¶ 3.  On October 30, 2025, Defendant removed this case to federal court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1441(b).  On November 6, 2025, Plaintiff filed the Motion to Remand and supporting documents.  Dkt. No. 9, 11, 12.  On the same day, Defendant filed the Motion to Dismiss.  Dkt. No. 8.  Thereafter, on November 17

---

[1] Plaintiff also filed a request for in camera review of additional evidence.  Dkt. No. 20.  The Court **DENIES** this request as Plaintiff has not presented a sufficient basis for the Court to review documents that have not been provided to the opposing party.  It appears instead that Plaintiff seeks to have documents filed under seal and not available to the public.  Plaintiff is directed to Central District of California Local Rules 79-5 and 79-6, which are available on the Court's website. Nonetheless, the Court has considered the description of the documents in reviewing the motions at issue here.

and 19, Plaintiff filed Second Amended Complaints[2] and on December 1, 2025, Plaintiff filed the Motion for Leave to File a Second Amended Complaint.  Dkt. Nos. 30, 33.

## II.    LEGAL STANDARD

### A.    Motion to Remand

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  A defendant may remove a civil action in state court to federal court if the federal court has original jurisdiction.  28 U.S.C. § 1441(a).  Federal courts have original jurisdiction where an action arises under federal law or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, excluding interest and costs.  *Id.* §§ 1331, 1332(a).  "On a plaintiff's motion to remand, it is the defendant's burden to establish jurisdiction by a preponderance of the evidence."  *Smith v. Advanced Clinical Emp. Staffing, LLC*, 2022 WL 2037080, at *3 (N.D. Cal. June 7, 2022) (citing *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)).

### B.    Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A dismissal under a Rule 12(b)(6) motion can be based on either a "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory."  *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation modified).  On a Rule 12(b)(6) motion, courts accept as true all well-pleaded allegations of material fact and construe them in a light most favorable to the non-moving party.  *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008).  To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not" suffice.  *Id.* (citation

---

[2] The Court refers to Dkt. No. 33 in discussing the proposed Second Amended Complaint.  In the future, Plaintiff is directed to clarify the operative pleadings at issue.

modified).  "Factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 545.  A court may consider the allegations contained in the pleadings, as well as exhibits attached to or referenced in the complaint, and matters properly subject to judicial notice in ruling on a motion to dismiss.  *See Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007).

### C.      Motion for Leave to Amend Complaint

Leave to amend should be granted unless it is clear the complaint cannot be saved by any amendment.  Fed. R. Civ P. 15(a); *see Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  A "district court may dismiss without leave where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile."  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  Otherwise, leave to amend shall be "freely give[n] . . . when justice so requires."  Fed. R. Civ. P. 15(a)(2)*; see Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (requiring that policy favoring amendment be applied with "extreme liberality").

Courts weigh five factors in determining whether to grant leave to amend: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and (5) futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  However, while there is a "general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal."  *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citation omitted).  The opposing party bears the burden of showing why leave to amend should not be granted.  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987).

## III.   DISCUSSION

### A.   Motion to Remand

Defendant removed this action to federal court on the basis of diversity jurisdiction, alleging the following facts: Plaintiff is a citizen of Montana; Defendant is incorporated in Illinois with its principal place of business in Illinois; and the matter in controversy exceeds $75,000, including out-of-pocket medical expenses in excess of $50,000, lost income of $229,766, and damages for emotional distress.  Notice of Removal ¶¶ 4, 5, 7, Dkt. No. 1.  Plaintiff's FAC alleges the same facts.[3]  FAC ¶¶ 7, 8, 23, Dkt. No. 1-1.  Plaintiff does not appear to dispute that the parties are diverse or that the amount-in-controversy is met.  To the extent that Plaintiff argues that the causes of action are all state law claims and not federal claims, Defendant did not remove the case on the basis of federal question jurisdiction.  Diversity jurisdiction is a separate ground for the Court's subject matter jurisdiction.  28 U.S.C. §§ 1331, 1332.

Plaintiff raises two additional arguments.  Plaintiff argues diversity jurisdiction "is discretionary where state interests predominate" and because California law claims predominate here, the case should be remanded.[4]  Mem. of P.

---

[3] The Court notes Plaintiff's proposed Second Amended Complaint ("SAC") no longer alleges lost income damages of $229,766, instead alleging "[s]ubstantial lost income and business losses, including negative net income (e.g., approximately -$11,800 in 2024), loss of earning capacity, and inability to continue her prior work and horse-related business," but continues to allege "[m]ore than $50,000 in out-of-pocket medical, diagnostic, and travel expenses, in addition to amounts billed to insurance" and alleges that the action involves "an amount in controversy exceeding $75,000."  Proposed SAC at 16 and ¶ 10, Dkt. No. 33.  Plaintiff does not challenge the amount-in-controversy in the Motion to Remand or the Motion for Leave to Amend.

[4] Plaintiff cites to a case *Walker v. Allstate Indem. Co.*, 2014 WL 12587032 (C.D. Cal. 2014) for the proposition that "[f]ederal courts routinely remand such insurance bad-faith and unfair-competition actions."  Mem. at 2.  The Court was unable to find such a case.  Although Plaintiff filed a declaration regarding the use of AI, Dkt. No. 19, Plaintiff is reminded that she has an obligation to verify any case citations and ensure that they are accurate, and to comply with her obligations under Federal Rule of Civil Procedure 11.  *See* Standing Order, Dkt. No. 14, § E.5.  Failure to follow all applicable rules and orders may result in sanctions.

---

& A. in Supp. of Mot. to Remand at 2, Dkt. No. 11.  Plaintiff also argues that the principles of judicial economy and her hardship in accessing this Court as a pro se litigant favor remand of this case to state court.  Mem. of P. & A. in Supp. of Mot. to Remand at 2, Dkt. No. 11.  However, 28 U.S.C. § 1332(a) provides that "district courts *shall* have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between" citizens of different states.  28 U.S.C. § 1332(a) (emphasis added).  "When the district court has original subject matter jurisdiction over state law claims, the exercise of that jurisdiction is mandatory."  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 250 (5th Cir. 2011); *see also, e.g., Transplace Int'l, Inc. v. Motorcar Parts of Am.,* 2015 WL 13285088 at *4 (C.D. Cal. Feb. 6, 2015) ("Where a federal court has subject matter jurisdiction over a pending case, it has a 'virtually unflagging obligation' to exercise jurisdiction over it.").

Defendant's Notice of Removal and Opposition demonstrate diversity between the parties and an amount in controversy in excess of $75,000.  Therefore, Plaintiff's Motion to Remand is **DENIED**.

### B.    Motion to Dismiss

Plaintiff alleges the following causes of action in her FAC: (1) Fraud in the Inducement / Fraudulent Concealment (Civ. Code §§ 1572, 1709, 1710); (2) Common Law Bad Faith / Breach of the Covenant of Good Faith & Fair Dealing / Unfair Claims Handling (Insurance Code § 790.03 & common law); (3) Breach of Contract & Breach of Policy Obligations; (4) Negligence / Negligent Claims Handling; (5) Intentional Infliction of Emotional Distress; (6) Declaratory Relief; (7) Unfair Competition (Bus. & Prof. Code § 17200 et seq.).

Defendant argues that all causes of action—except for Plaintiff's Third Cause of Action for Breach of Contract and Policy Obligations—fail to state a claim for which relief can be granted.  With regard to the Second Cause of Action, Defendant, in the alternative, moves for a more definite statement, requesting that Plaintiff identify which sections of the Montana Unfair Trade Practices Act ("UTPA") she alleges Defendant violated, to the extent Plaintiff alleges a Montana UTPA claim.

Defendant's Motion to Dismiss the FAC is **DENIED** as moot, without prejudice, in light of Plaintiff's more recently filed Motion for Leave to File SAC.

## C.    Motion for Leave to File Second Amended Complaint

Plaintiff requests leave to amend her FAC to include additional allegations to support her claims.  Decl. for Leave at 1, Dkt. No. 33.  Plaintiff's proposed SAC alleges the following causes of action: (1) Fraud in the Inducement, Fraudulent Concealment; (2) Statutory Unfair Trade Practices (Mont. Code Ann. §§ 33-18-201, 33-18-242); (3) Breach of Insurance Contract; (4) Negligence; (5) Intentional Infliction of Emotional Distress; (6) Declaratory Relief; and (7) Unfair Competition (Cal. Bus. & Prof. Code § 17200 et seq.).  *See generally* Proposed SAC, Dkt. No. 33.

Here, the Court does not find undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice, and finds amendment is appropriate.  Of the five *Foman* factors, Defendant only argues that "the revised claims as pled in the Second Amended Complaint remain futile and would be subject to a further motion to dismiss." Opp'n to Mot. for Leave,  ¶7, Dkt. No. 45.  With respect to futility, "[a] proposed amendment is futile only if no set of facts can be proved under the amendment that would constitute a valid claim." *Barrett v. Apple Inc.*, 523 F. Supp. 3d 1132, 1149 (N.D. Cal. 2021) (citation omitted).  "Courts rarely deny a motion for leave to amend for reason of futility." *Entangled Media*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) (quoting *Fujifilm Corp. v. Motorola Mobility LLC*, 2014 WL 2730724, at *5 (N.D. Cal. June 16, 2014)).  The Court briefly addresses the futility of amendment of the Second Amended Complaint as proposed, so that Plaintiff may correct the deficiencies and file a new amended complaint.

## 1.    <u>Fraud in the Inducement, Fraudulent Concealment</u>

Plaintiff's First Cause of Action asserts a claim against Defendant alleging fraud in the inducement and fraudulent concealment.  Plaintiff fails to identify which state's law governs her fraud claims.  "[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal." *In re Natera Prenatal Testing Litig.*, 664 F. Supp. 3d 995, 1009 n.10 (N.D. Cal. 2023) (citation omitted).  To the extent Plaintiff seeks to amend her FAC to allege fraud, she must allege which state's law should apply to her claim. Moreover, to the extent Plaintiff asserts such a claim under California law, she must address Defendant's argument that Montana substantive law applies in light of a choice of law provision in the insurance policy.  *See* Mot. to Dismiss at 10.  To the extent this claim is a third-party bodily injury claim asserted under California

law, Plaintiff must address Defendant's arguments that such a claim is precluded by the California Supreme Court's opinion *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287 (1988).

In addition, to plead fraud claims, Plaintiff must meet the heightened pleading requirements of Rule 9(b), which requires pleading "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).  To the extent Plaintiff's claim is based on statements or omissions other than those specifically alleged in the proposed SAC, she must identify them by applying this heightened pleading standard.  *See, e.g.,* Proposed SAC, ¶¶ 45-48, Dkt. No. 33.

### 2.   Statutory Unfair Trade Practices, Mont. Code Ann. §§ 33-18-201, 33-18-242

The Second Cause of Action alleges violations of Montana's Unfair Trade Practices Act ("UTPA") under §§ 33-18-201(1)-(4), (6), (13), (14), and § 33-18-242.  Proposed SAC, ¶¶ 53-56, Dkt. No. 33.  Plaintiff alleges that Defendant made misrepresentations to Plaintiff, failed to reasonably and promptly address Plaintiff's claims, and delayed full payment of Plaintiff's claim.  *Id.*

Plaintiff's claims under subsections (2), (3), and (14) appear to be expressly barred by the UTPA.  Under Mont. Code Ann. § 33-18-242(1), "[a]n insured or a third-party claimant has an independent cause of action against an insurer for actual damages caused by the insurer's violation of 33-18-201(1), (4), (5), (6), (9), or (13)."  *See Bateman v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 423 F. App'x 763, 766 (9th Cir. 2011) (finding the district court properly dismissed Plaintiffs' third-party claims under § 33-18-201(2), (3), and (14), because the UTPA provides no remedy for those violations).  Plaintiff must amend her complaint to either explain a legal basis for her claims under subsections (2), (3), and (14) or remove those claims.

### 3.   Breach of Insurance Contract

Defendant did not move to dismiss Plaintiff's breach of contract claim or raise arguments regarding Plaintiff's breach of contract claim in their Opposition to the Motion for Leave to File SAC.  Accordingly, the Court does not address this claim here.

### 4.    <u>Negligence</u>

Plaintiff pleads a cause of action for negligence "in the alternative and to the extent not precluded."  Proposed SAC, ¶ 63, Dkt. No. 33.  Plaintiff fails to clearly identify which state's law governs her negligence claim, although her reference to the Montana UTPA suggests Plaintiff is alleging Montana law applies.

Under the UTPA, "[a]n insured who has suffered damages as a result of the handling of an insurance claim may bring an action against the insurer for breach of the insurance contract, for fraud, or pursuant to this section, but not under any other theory or cause of action."  Mont. Code Ann. § 33-18-242(3).  First-party causes of action for negligence claims are preempted by the UTPA.  *See Burton v. State Farm Mut. Auto. Ins. Co.*, 105 F. App'x 154, 159-160 (9th Cir. 2004).  Plaintiff's proposed negligence cause of action in the SAC is based on a claim for damages as a result of the handling of an insurance claim, and therefore is preempted by the UTPA.  Although a plaintiff may allege claims in the alternative, they must be independently viable claims.  *See, e.g., FT Travel--New York, LLC v. Your Travel Ctr., Inc.*, 112 F. Supp. 3d 1063, 1073 n. 69 (C.D. Cal. 2015) (noting the "pursuit of alternative relief does not relieve plaintiffs of their obligation to plead sufficient factual allegations in support of that request" (citations omitted)).  Accordingly, to the extent Plaintiff seeks to allege a negligence claim, the SAC must set forth sufficient facts to state a plausible claim.

### 5.    <u>Intentional Infliction of Emotional Distress</u>

Plaintiff's Fourth Cause of Action asserts a claim against Defendant for intentional infliction of emotional distress ("IIED").  Proposed SAC, ¶¶ 66-70, Dkt. No. 33.  Plaintiff fails to identify which state's law governs her IIED claim.  To the extent Plaintiff seeks to amend her FAC to allege IIED under Montana law, she must allege facts that would support a claim that is not barred by the UTPA.  *See, e.g., West v. State Farm Mut. Auto. Ins.*, 2011 WL 2559966, at *16 (D. Mont. June 28, 2011) (finding IIED claims premised upon Defendants' conduct in evaluating insurance claims, failing to effect a reasonably prompt settlement, and conduct during depositions to be conduct in handling of Plaintiffs' insurance claims and therefore barred by the UTPA).  To the extent the IIED claim is brought under California law, Plaintiff must address Defendant's argument that Montana substantive law applies because of a choice of law provision in the insurance policy.

### 6.   <u>Declaratory Relief</u>

Plaintiff's Fifth Cause of Action primarily seeks a "judicial declaration" rescinding Plaintiff's release agreement with Defendant.  Proposed SAC, ¶ 75, Dkt. No. 33.  Plaintiff fails to identify which state's law governs her declaratory relief claim.  To the extent Plaintiff seeks to amend her FAC to allege declaratory relief under Montana law, she must allege facts that would support a claim that is not barred by the UTPA.  *See, e.g.*, *Woodman v. Standard Ins. Co.*, 2021 WL 927373, at *2 (D. Mont. Mar. 11, 2021) ("While the UTPA is the appropriate channel for alleging an insurer improperly handled an insurance claim, the statute expressly limits an insured's available causes of action to breach of contract, fraud, or for violations of the UTPA.  Declaratory relief is unavailable as a cause of action and as a remedy.").  To the extent the declaratory relief claim is brought under California law, Plaintiff must address Defendant's argument that Montana substantive law applies because of a choice of law provision in the insurance policy.

### 7.    <u>Unfair Competition (Bus. & Prof. Code § 17200 et seq.)</u>

Plaintiff's Seventh Cause of Action alleges violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof Code § 17200, *et seq*.  Plaintiff has not addressed Defendant's argument that Montana substantive law applies because of a choice of law provision in the insurance policy.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File SAC is **GRANTED** and Plaintiff's Motion for Remand is **DENIED**.  The Court **DENIES** as moot, without prejudice, Defendant's Motion to Dismiss the FAC.  Plaintiff shall file and serve any amended complaint within **fourteen (14) days** of the date this Order is filed.  Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims she wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  Plaintiff may not incorporate material from the original Complaint or First Amended Complaint by reference.

Plaintiff is advised that there is a free Federal Pro Se Clinic available to assist individuals who do not have an attorney to represent them, located at the

Roybal Federal Building, 255 East Temple Street, Los Angeles, CA 90012, administered by a nonprofit law firm, Public Counsel.

**IT IS SO ORDERED.**